JOHN RETZ, PLAINTIFF-APPELLANT, v. MAYOR AND COUNCIL OF THE TOWNSHIP OF SADDLE BROOK, BERGEN COUNTY AND RUTH McGINNIS, TOWNSHIP CLERK, SADDLE BROOK, NEW JERSEY, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued April 8, 1975—Limited Remand Directed April 14, 1975—Additional Memoranda Submitted After Remand April 25, 1975—Decided May 15, 1975.

Before Judges CARTON, CRANE and KOLE.

*Mr. Dennis P. LaHiff* argued the cause for appellant (*Messrs. Messineo & Messineo,* attorneys).

*Mr. William D. Gorgone* argued the cause for respondents.

The opinion of the court was delivered by

CARTON, P. J. A. D. Plaintiff brought this action as a taxpayer to compel defendant municipal officials to conduct a referendum on a bond ordinance and to restrain the award of contracts to make the improvements authorized by the ordinance. The trial judge granted summary judgment in

favor of defendants and plaintiff appealed. This court denied his motion for a stay of judgment. However, in view of the emergent situation and the nature of the issue involved, we accelerated determination of the appeal.

The challenged bond ordinance is a multi-purpose one, authorizing several improvements, including the construction of a new municipal complex to house administrative offices, the police department and the local ambulance corps; construction of an addition to a fire house; the making of various road improvements, and the purchase of equipment. There is no claim that the ordinance was improperly adopted.

Final publication of the ordinance occurred on September 19, 1974. However, on September 27, eight days after final publication, a petition designated as a "taxpayers' petition," protesting adoption of the ordinance, was filed with the township clerk.

Plaintiff, in his complaint, designates himself as a "taxpayer" and claims that the petition contained 989 names, including his own, and that such signatures represent ownership of property having an assessed value of $19,759,960. The petition contained no reference to the statute pursuant to which it was filed, or affidavits from petition circulators attesting to the authenticity of signatures, and no specific request for a referendum beyond the statement of protest.

On October 10 defendant township clerk certified to the township council that the petition was invalid and notified plaintiff of her finding. Also on October 10, at a public meeting, the mayor and council, after receiving opinions that the petition was invalid, awarded contracts to low bidders on three of the projects. We are informed that work was begun under at least one of these contracts, but it has been discontinued pending the outcome of this litigation. In this connection we note that plaintiff did not seek certification of our refusal to grant a stay of the judgment.

The trial judge, in granting summary judgment for defendants, found that plaintiff lacked standing to prosecute

the complaint for the reason that he owned no real property in the municipality. (It seems to be conceded that Retz had in 1963 conveyed his property to C. S. R. Realty Corporation of which he claimed to be a major stockholder.) The judge further found that the protest petition failed to satisfy the provisions of the Optional Charter Law (Faulkner Act), *N. J. S. A.* 40:69A–185 *et seq.,* in various particulars. The trial judge also found that plaintiff's claim as to the amount of tax ratables represented on the petition should not prevail against the clerk's finding that the amount was insufficient to meet the Home Rule referendum provision (*N. J. S. A.* 40:49–27), given Retz' concession that he himself had not made determination of the assessed valuation of the properties owned by signatories of the petition. The judge further found that the clerk's certificate of insufficiency was conclusive as a matter of law under *N. J. S. A.* 40:49–27. Having thus resolved the controlling issues in favor of defendants, the judge declined to consider whether plaintiff might also be precluded from any relief by reason of the Local Bond Law, on the ground that *N. J. S. A.* 40A:2–18 bars any right of referendum on a bonding ordinance.

Plaintiff concedes that the petition does not satisfy the requirements of the Faulkner Act but contends that it is the Home Rule Act which governs and that its requirements are satisfied. *N. J. S. A.* 40:49–27 provides:

Any ordinance authorizing the incurring of any indebtedness, except for current expenses shall become operative ten days after the publication thereof after its final passage, unless within said ten days a protest against the incurring of such indebtedness shall be filed in the office of the municipal clerk signed by taxpayers representing ten per cent in amount of the assessed valuation of such municipality, whose names appear on the last preceding assessment roll thereof, in which case such ordinance shall remain inoperative until a proposition for the ratification thereof shall be adopted, at an election to be held for that purpose, by a majority of the qualified voters of the municipality voting on the proposition, subject to the provisions of sections 40:49–10 to 40:49–12 of this title.

The certificate of the clerk of the municipality filed in this office as to the filing or sufficiency of any protest shall be conclusive for the purposes of this section.

\* \* \* \* \* \* \* \*

According to the affidavit of Saddle River's tax collector, the total assessed ratables, as of October 8, 1974, amounted to $158,867,355. On this basis the petition must represent $15,886,736. Plaintiff alleges that the signatures on the petition represent $19,759,960, while the clerk's countering affidavit asserts that the petition represents only $8,243,780 of assessed valuations.

The precise basis of the discrepancy in the calculations between defendants and plaintiff as to the amount of ratables represented by the petition did not clearly appear from the record on summary judgment. Consequently, because resolution of this issue might well render determination of the numerous other legal issues unnecessary, we remanded the matter to the trial court for an expedited hearing and limited findings on this question.

After a full hearing the trial judge concluded that the petition did not contain the signatures of taxpayers representing 10% in amount of the assessed valuation in the township whose names appeared on the last preceding assessment roll of that municipality. The judge made the following specific findings:

This court finds as a fact based upon the evidence presented and under the rules of law applied, that the amount of assessed valuation represented by the petition necessary to equal 10% is: (a) $15,888,735.50; (b) that the petitions represent $11,298,355.00 of assessed value; (c) that the petitions are, therefore, short of 10% by $4,816,855.50.

We conclude that the trial judge correctly determined that the petition failed to meet the statutory requirement. His determination that the petition fell short of the statutory requirement by $4,816,855.50 turns, in our view, on its resolution of a dispute between the parties as to whether, in the

case of property shown on the tax rolls as owned by tenancy by the entirety, the signature of one spouse on the petition should be counted for the full value of the property so owned, half of that value, or none at all. The judge upheld the township clerk's decision which allowed one-half such valuation if only one spouse had signed. We are of the opinion that this ruling was a fair and proper one under the circumstances and comports with the legislative intention.

There is no presumption that a husband or wife has the authority to act on behalf of the other. See *Sladkin v. Riby,* 103 *N. J. L.* 449 (E. & A. 1927) ; *Sternberger v. Hurtzig,* 36 *N. J. Eq.* 375 (Ch. 1883), and *O'Carroll v. Stark,* 85 *N. J. L.* 438 (Sup. Ct. 1914). See also, 41 *Am. Jur.* 2d, *Husband and Wife,* § 233 at 197.

Under the general law of principal and agent, it has been the rule that the agency of a wife to act on behalf of a husband, or vice versa, must derive from a clearly expressed authority from one to the other. There is no original or inherent power on the part of one spouse to act for the other. The authority must arise from express appointment. The only exception appears to be with respect to necessities.

Thus, it is well established that where property is held by tenancy by the entirety one spouse cannot sign a deed of conveyance without the other's signature. Similarly, neither party has power to bind the interest of the other on a mortgage.

We see no reason why a different result should pertain in deciding whether one tenant by the entirety may sign a taxpayers' petition as representing the total ownership interest of the property. One tenant by the entirety may not be aware that the other has signed, or may actually be opposed to the object of the petition.

Indeed, a strict application of the law of tenancy by the entirety might require the signatures of both spouses to commit the property or, in statutory terms, to represent the value of the property on the petition. But, as the referendum requirements of *N. J. S. A.* 40 :49–27 raise questions

of both property and voting rights, we conclude that a narrow reliance on property law principles would be contrary to the legislative purpose. The archaic fiction of "the oneness of husband and wife" is viewed unfavorably in this State and deserves no extension into this sphere. See *Ft. Lee S. & L. Ass'n v. LiButti,* 106 *N. J. Super.* 211; dissent at 216 (App. Div. 1969), rev'd on the dissent below 55 *N. J.* 532 (1970). Each taxpayer has a right to vote and, as a taxpayer, should have a right to sign or not sign and have the signature reflect what is, as a practical matter, his or her one-half interest in the property.

Under the statute only those whose names appear on the most recent municipal tax assessment roll are eligible to sign the petition. Where the property is held in a tenancy by the entirety, in contrast to where a spouse holds only a dower or curtesy interest, the names of both spouses are carried on the assessment roll. The Legislature clearly intended that the full value of a property could be represented on a petition only by the signatures of both tenants by the entirety. In this case plaintiff seeks credit for the full value of properties where only one spouse has signed the petition. But there is nothing in the record to suggest that any of the nonsigning parties, in fact or by implication authorized their respective spouses to speak for them.

In view of our conclusion that the petition failed to satisfy the requirements of *N. J. S. A.* 40:49–27, we find it unnecessary to decide other challenges made to the validity of the petition grounded on defendants' contentions, among others, that (1) plaintiff was not a taxpayer in the municipality; (2) the petition was deficient under the Faulkner Act because it did not contain the signatures of the requisite 25% of the registered voters and that the provisions of the Faulkner Act rather than those of the Home Rule Act were applicable; (3) the clerk's certificate as to the insufficiency of the petition was conclusive as a matter of law under *N. J. S. A.* 40:49–27, and (4) in any event, plaintiff was precluded

from relief because the Local Bond Law (*N. J. S. A.* 40A:2–18) bars any referendum on bonding ordinances.

Affirmed. No costs.